## PERE MARQUETTE RY. CO. v. ANDERSON.

(Circuit Court of Appeals, Seventh Circuit. November 21, 1925. Rehearing Denied January 13, 1925.)

No. 3564.

Railroads ⊖333(1)—Automobile driver held guilty of contributory negligence in failing to wait.

Automobile driver *held* guilty of contributory negligence as matter of law in failing to wait for train to pass.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Esther Anderson, as administratrix of George J. Anderson, deceased, against the Pere Marquette Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

Sidney C. Murray, of Chicago, Ill., for plaintiff in error.

James C. McShane, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff brought this action to recover damages for the death of George J. Anderson occasioned by the alleged negligence of defendant. Judgment followed a verdict in her favor.

At the close of the testimony, defendant moved for a directed verdict on the ground that the evidence (a) failed to support a verdict establishing its negligence, and (b) affirmatively and conclusively established decedent's contributory negligence.

Both counsel have appreciated the narrowness of the issue, and have well presented the facts upon which the question of contributory negligence turns.

Anderson was riding in a closed coupé on January 1, 1923, accompanied by his sister and mother. At about 4:30 in the afternoon, the day being clear, he approached the railway tracks of the New York Central Railroad Company near Baileytown, Ind., and attempted to cross over. One of defendant's passenger trains, traveling about 55 miles an hour was moving westward on the track. Anderson's car was struck by the engine, and he and his mother and sister were killed.

Behind him about 350 feet was another automobile, and its passengers witnessed the accident. The engineer and fireman, likewise, were witnesses who testified on the trial. Whether deceased looked and listened before approaching the track is a matter of deduction only.

It is established, however, that he was traveling at the rate of 10 to 15 miles an hour; that he did not stop or change his speed as he approached the track; that he could see the approaching train when 30 feet from the track; that the road rises slightly just as it approaches the crossing.

There was some difference of opinion expressed as to the view down the track, and the number of feet from the track a highway traveler would have to be before he could see an on-coming train. Such opinion evidence must necessarily give way before the testimony of actual physical measurements concerning which there is no dispute. The last object which could obstruct the traveler's view was a shanty some 9 to 12 feet high, and

10 feet wide by 16 feet long. Its face nearest the railroad track was 30 feet 6 inches from the nearest rail, and it was 70 feet from the highway. The traveler, therefore, could see down the track from a point somewhat more than 30 feet 6 inches from the track.

Numerous photographs were presented by both parties, and the view from the highway was clearly disclosed. There is no ground for controversy in respect thereto. Had the deceased looked, he could have seen this train when he was more than 30 feet from the track. In other words, construing the testimony most favorably to the plaintiff, it is self-evident that the train was not traveling more than 6 times as fast as the automobile. Inasmuch as both reached the same spot on the crossing at the same time, it is a matter of physical calculation to demonstrate that plaintiff could have seen the train when nearly 40 feet from the track.

Assuming, as we must, that he could have thus seen the approaching train while still 30 feet from the crossing, deceased should have waited for the train to pass. Failing so to do, he was guilty of contributory negligence as a matter of law.

The conclusion here reached is, we think, not out of harmony with the decision of this court in Moffitt v. Pennsylvania R. Co. (C. C. A.) 1 F.(2d) 276. Each case must be decided upon its own facts. We have carefully examined the record and briefs in the Moffitt Case, and have no difficulty in distinguishing it from the present one.

The judgment is reversed for further proceedings according to law.